UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE RUNNING BEAR; TOM DOE RESTLESS DEER, and other Plaintiffs identified Pseudonyms for American Indian plaintiffs,

Plaintiffs,

-against-

CITY OF MIDDLETOWN, N.Y.; UNIDENTIFIED ACTORS OF THE CITY OF MIDDLETOWN, N.Y.; NEW YORK STATE; AND OTHER DEFENDANTS AS IDENTIFIED,

Defendants.

1:25-CV-8328 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Mark Marvin, of Walden, Orange County, New York, who describes himself as a "jailhouse lawyer and Next Friend," appears *pro se* on behalf of others. The amended complaint (ECF 15), which the Court understands to be the operative pleading for this action, seems to indicate that Marvin asserts claims on behalf of persons described as Native Americans to whom he has assigned the pseudonyms "John Doe Running Bear" and "Tom Doe Restless Deer"; in addition, Marvin seems to be asserting claims on behalf of a person named Hector Huerta Cazales, whom Marvin also describes as a Native American. (*See id.*) The amended complaint names as Defendants: (1) the City of Middletown, New York; (2) "unidentified actors of the City of Middletown, N.Y."[1] (3) the State of New York; and (4) "other Defendants as identified." (*Id.*)

The amended complaint asserts that, "on April 15, 2026 . . . [the] City of Middletown police raided and seized possessions of [N]ative American Hector Huerta Cazales (victim) while

[1] The Court refers to the City of Middletown and the "unidentified actors of the City of Middletown" collectively as the Middletown Defendants.

he was occupying tribal lands at approximately the cross of the Heritage Trail and Genung Street," in Middletown, New York. (ECF 15, at 1.) It also asserts that "Middletown Police arrived and police arrested victim (no charges filed) and seized, searched, and destroyed most of his worldly possessions, without showing a warrant." (*Id.*) The amended complaint seeks damages and "requests [a] court order enjoining further seizures and searches." (*Id.*)

While neither the original complaint commencing this action nor the amended complaint has been served on the Defendants—because no summonses have been issued—the Middletown Defendants, via counsel, filed an answer to the original complaint (ECF 4) and an answer to the amended complaint (ECF 16).

After Marvin filed the amended complaint, he filed a "motion to find response to request for discovery to be so unresponsive as to be in default and to be *de jure* admissions and motion to grant summary judgment based on admissions" (ECF 8) and a "motion to grant partial relief in the form of refund for violation of unconstitutional prohibition of alcoholic consumption" (ECF 11), both of which, the Middletown Defendants, via counsel, have opposed (ECF 10, 12).

Marvin has also filed a "motion to dismiss charges." (ECF 19.) The Middletown Defendants have further moved, by letter, for this action to be reassigned to a District Judge presiding in this court's White Plains courthouse. (ECF 21.)

By separate order dated November 5, 2025, the court granted Marvin leave to proceed *in forma pauperis* ("IFP"), that is, leave without prepayment of fees. For the reasons discussed below, the Court dismisses this action without prejudice and denies all motions and requests.

## STANDARD OF REVIEW

Under the IFP statute, a federal district court must dismiss a complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The court also must dismiss a complaint when it lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, courts are obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

### A. Claims brought on behalf of others

The Court must dismiss this action, which Marvin brings *pro se* on behalf of others. The statutory provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself," *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted), that is, *pro se*. "[B]ecause *pro se* means to appear for one's self, a person may not appear [*pro se*] on another person's behalf in the other's cause. A person [appearing *pro se*] must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

Marvin, though he describes himself as a "jailhouse lawyer and Next Friend," does not allege any facts suggesting that he is an attorney.[2] Thus, he cannot assert claims *pro se* on behalf of others. The Court therefore dismisses this action without prejudice.

[2] A "next friend" is permitted in the *habeas corpus* litigation context in instances when such a person "does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990); *see* 28 U.S.C. § 2242 (a petition for "a writ of habeas corpus shall be in writing signed and verified by the person for

**B. Leave to amend is denied**

Federal district courts generally grant a *pro se* litigant an opportunity to amend an initiating document to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in this action cannot be cured with an amendment, the Court declines to grant leave to amend.

**C. Warning**

Marvin is no stranger to this court, having previously filed multiple non-meritorious *pro se* actions in this court. *See Marvin v. Zieran*, ECF 1:95-CV-4074, 4 (TPG) (S.D.N.Y. June 6, 1995) (dismissed *sua sponte* as frivolous; CM/ECF document unavailable); *Marvin v. CED — Child Support Enforcement Section*, ECF 1:15-CV-7249, 4 (Preska, D.J.) (S.D.N.Y. Oct. 19, 2015) (dismissed *sua sponte* for lack of subject matter jurisdiction); *Marvin v. Orange Cnty. Dep't of Soc. Servs.*, ECF 1:15-CV-7664, 4 (Preska, D.J.) (S.D.N.Y. Dec. 15, 2015) (dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)), *appeal dismissed for lack of jurisdiction*, No. 16-220 (2d Cir. Apr. 27, 2016); *Marvin v. Jennings*, No. 1:19-CV-11603 (LLS), 2020 WL 1467355 (S.D.N.Y. Mar. 25, 2020) (dismissed *sua sponte* for failure to state a claim on which relief may be granted), *appeal dismissed as frivolous*, No. 20-1143 (2d Cir. Aug. 26, 2020); *Marvin v. Peldunas*, No. 7:16-CV-1456 (NSR), 2021 WL 2784655 (S.D.N.Y. July 2, 2021) (dismissed, on Defendants' motion, for failure to state a claim on which relief may be granted), *aff'd*, No. 21-1824-cv, 2022 WL 2125851 (2d Cir. June 14, 2022) (summary order), *cert. denied*,

---

whose relief it is intended or *by someone acting in his behalf*."). It is also permitted in instances in which a minor child or an incompetent person, who otherwise does not have a representative to bring civil litigation, does so. *See* Fed. R. Civ. P. 17(c)(2) ("A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem."). Neither of those circumstances are presented in this action.

143 S. Ct. 410 (2022); *Marvin v. Allen*, No. 7:23-CV-5947 (KMK), 2024 WL 4290722 (S.D.N.Y. Sept. 24, 2024) (dismissed, on Defendants' motions, for lack of subject matter jurisdiction), *appeal dismissed as frivolous*, No. 25-1969 (2d Cir. Apr. 15, 2026).

In light of Marvin's history of bringing vexatious, frivolous, and/or otherwise nonmeritorious *pro se* litigation in this court, the Court warns Marvin that, should he file, in the future, another vexatious, frivolous, and/or otherwise nonmeritorious civil action in this court, on behalf of others or on his own behalf, the court may direct him to show cause why the court should not bar him from filing any future civil action in this court, on behalf of others or on his own behalf, IFP without the court's leave to file. *See* 28 U.S.C. § 1651.

**CONCLUSION**

The Court dismisses this action without prejudice. The Court therefore denies all motions and requests in this action. The Court thus directs the Clerk of Court to terminate ECF 8, 11, 19, and 21.

The Court also warns Marvin that, should he file, in the future, another vexatious, frivolous, and/or otherwise nonmeritorious civil action in this court, on behalf of others or on his own behalf, the court may direct him to show cause why the court should not bar him from filing any future civil action in this court, on behalf of others or on his own behalf, IFP without the court's leave to file. *See* 28 U.S.C. § 1651.

The Court directs the Clerk of Court to enter a judgment dismissing this action without prejudice for the reasons set forth in this order.

SO ORDERED.

Dated: August 12, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.